Henry N. ADAMS, Jr.,
Petitioner-Appellant,

v.

A.R. JAGO, Superintendent,
Respondent-Appellee.

No. 82–3048.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Feb. 15, 1983.

Decided April 7, 1983.

---

Henry Adams, Jr., pro se.

William J. Brown, Atty. Gen., Lianne Santellani, Columbus, Ohio, for respondent-appellee.

Before MERRITT, MARTIN and WELLFORD, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Henry N. Adams, Jr., convicted of two counts of aggravated robbery in Ohio, appeals the denial of his petition for habeas relief. Here, he raises only one issue—whether he received effective assistance of counsel at trial. We have reviewed the record and the opinion of the district court denying relief and affirm.

In the early morning hours of May 10, 1975, two men robbed the Four Star Cafe in Hamilton County, Ohio. Two eyewitnesses identified Adams and his codefendant as the perpetrators. One witness testified that the defendants used pistols during the robbery. The second said that Adams pressed something which appeared to be a gun into that witness's back. In addition to thoroughly cross-examining the eyewitnesses, Adams called seven alibi witnesses in his defense.

Adams was convicted and sentenced to concurrent sentences of five to twenty-five years on each count to run consecutively with other sentences from previous convictions. The convictions were affirmed on appeal. *State v. Adams,* No. 76024 (1977). Leave to appeal to the Ohio Supreme Court was denied. *State v. Adams,* No. 77–1029 (1978). The Ohio trial court dismissed his petition for post-conviction relief.

In his first habeas corpus petition, Adams raised several issues including ineffective assistance of counsel. The district court denied relief without considering the sixth amendment issue, holding instead that as to this latter claim, Adams had failed to exhaust his state court remedies by failing to appeal from the state trial court's denial of post-conviction relief. Adams then unsuccessfully moved the Ohio Court of Appeals for leave to file a delayed appeal from those post-conviction proceedings. When his appeal to the Ohio Supreme Court was denied, Adams filed this second petition for habeas relief in the district court. It was dismissed without a hearing.

Adams predicates his sixth amendment claim upon his counsel's failure to obtain a copy of a police report allegedly stating that no weapon was used in the robbery and to interview four police officers who investigated the robbery. Had his counsel not failed in these respects, Adams claims, the report and the information obtained from the interviews might have been used to impeach the two eyewitnesses who both testified that Adams had a gun at the time of the robbery.

I.

We note at the outset that were we to slavishly follow our decision in *Poole v. Perini,* 659 F.2d 730 (6 Cir.1981), *cert. denied,* 455 U.S. 910, 102 S.Ct. 1259, 71 L.Ed.2d 450 (1982), the decision of the trial court on Adams' petition for post-conviction relief that he received effective assistance of counsel should be accorded a presumption of correctness pursuant to 28 U.S.C. § 2254(d). Section 2254(d) essentially states that factual determinations of a state court made after hearing are to be presumed correct by federal habeas courts with certain enumerated exceptions. *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). In *Poole,* we held that this presumption applies to a determination by a state court that a defendant has received effective assistance of counsel. Our holding was premised upon the assumption that the effective assistance of counsel issue is factual, rather than legal.

■ Whether or not a criminal defendant has received the effective assistance of counsel mandated by the sixth amendment is clearly not a "basic, primary, or historical fact ... 'in the sense of a recital of external events and the credibility of their narrators ....'" *Townsend v. Sain,* 372 U.S. 293, 309 n. 6, 83 S.Ct. 745, 755 n. 6, 9 L.Ed.2d 770 (1963) *quoting Brown v. Allen,* 344 U.S. 443, 506, 73 S.Ct. 397, 445, 97 L.Ed. 469 (1953). The effectiveness of representation, unlike the question of the form that representation took, is by definition a normative judgment. The norm is legal and rooted in the Constitution. It involves "the application of legal principles to the historical facts." *Cuyler v. Sullivan,* 446 U.S. 335, 342, 100 S.Ct. 1708, 1714, 64 L.Ed.2d 333 (1980).

*Poole* was decided without the benefit of the Supreme Court's illumination, in *Sumner v. Mata II,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982), of its previous decision in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). In the latter case, the court appeared to hold that the constitutionality of a pre-trial identification was a factual determination and, when made by a state court after hearing, was to be accorded section 2254(d)'s presumption of correctness. Perhaps in response to Justice Brennan's vehement dissent in that case, as well as in response to the Ninth Circuit's treatment of the case on remand, the Court clarified its position. In *Sumner II,* it explicitly stated that "the ultimate question of the pre-trial identification procedures used in this case is a mixed question of law and fact that is not governed by section 2254." *Id.,* 102 S.Ct. at 1306. *Cf. Cuyler v. Sullivan* (conclusion that lawyers engaged in multiple representation not a "factual" determination within the meaning of section 2254(d)); *Brewer v. Williams,* 430 U.S. 387, 395–97, 97 S.Ct. 1232, 1237–1238, 51 L.Ed.2d 424 (1977) (conclusion that defendant waived his right to counsel not a "factual" determination); *Marshall v. Lonberger* (voluntariness of guilty plea a question of federal law).

■ The issue, then, of whether or not a criminal defendant received effective assistance of counsel as required by the sixth amendment involves questions of both fact and of law. Like other issues to be determined in the judicial process, there must first be findings of fact as to the actions, or inactions, of the party whose conduct is being evaluated; in this case, the attorney. The state court's findings as to what was done or not done, and under what circumstances, are entitled to a presumption of correctness. On the other hand, the conclusion to be drawn from that conduct regarding the effectiveness of counsel's assistance is legal in nature; those conclusions are not subject to the limitations imposed by section 2254(d). *Sumner II. See United States ex rel. Healey v. Cannon,* 553 F.2d 1052 (7th Cir.), *cert. denied sub nom. Mitchell, Warden v. Healey,* 434 U.S. 874, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977); *Washington v. Watkins,* 655 F.2d 1346 (5th Cir.1981) (mixed question of law and fact), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982); *Hawkman v. Parratt,* 661 F.2d 1161 (8th Cir.1981). To conclude, because it is legal in nature, the state court's determination that Adams received effective assistance is open to our review, *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Cuyler v. Sullivan,* 446 U.S. at 342, 100 S.Ct. at 1714, limited only by the presumption of accuracy we must accord its underlying factual findings.

## II.

■ As we have said so often, a criminal defendant's sixth amendment right to counsel is protected when he is represented by counsel "reasonably likely to render and rendering reasonably effective assistance." *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974). In this case, Adams' trial counsel called seven alibi witnesses, cross-examined both eyewitnesses, and in closing arguments, made an earnest effort to capitalize upon the state's failure to examine the investigating police officers. Nevertheless, Adams claims his counsel's failure to obtain the police report and his failure to examine the investigating officers denied

him the assistance the sixth amendment guarantees.

 There is nothing in the record before us that proves defense counsel did not read the police report. Be that as it may, however, his failure at trial to confront the two eyewitnesses with the fact that the report allegedly states [1] that no weapon was used was not error. The contents of a police report based on whatever after-the-fact investigations and interviews the police might have conducted are of minor significance compared to the in-court, unequivocal statements of two eyewitnesses. Even if counsel were able to prove that the report was based upon the statements of these witnesses, a possibility unsupported by any evidence before us, we are left with the testimony of those witnesses, unshaken by counsel's cross-examination.

 As for his counsel's failure to call four police officers to testify, we agree with the district court that the claim is so conclusory as to fall short of meeting Adams' burden of proving a constitutional deprivation. *Allen v. Perini,* 424 F.2d 134 (6th Cir.), *cert. denied,* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). That fact aside for the moment, we add, first, that there is nothing to indicate that the officers would have refuted the eyewitness testimony. Moreover, although speculative, that the officers were not called to testify may have been the result of a tactical decision on counsel's part. In his brief, Adams states that counsel expected the state to call the officers. Counsel's emphasis, in closing argument, on the state's failure to do so bears this out. It would be tactically sensible, we think, to let the state call the officers and then broadly and aggressively cross-examine them, rather than limiting oneself to direct examination of potentially less-than-cooperative witnesses.

As it turns out, the state did not call the officers. However, we have said before that a defendant "has not been denied effective assistance by erroneous tactical deci-

sions if, at the time, the decisions would have seemed reasonable to the competent trial attorney. *See Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974)." *Poole,* 659 F.2d at 736.

The judgment of the district court is affirmed.

---

**1.** Although Adams appends an illegible photocopy of the police report to his brief filed with this court, the district court opinion makes it clear that neither it nor the state courts were ever provided with a copy of the report.