**Larry R. WALKER, Petitioner,**

v.

**Aileene LOVE, etc., et al., Respondents.**

**Civ. A. No. 3:83–0419.**

United States District Court,
M.D. Tennessee, Nashville Division.

June 9, 1983.

Opinion After Expansion of Record
July 22, 1983.

---

Larry R. Walker, pro se.

John Southworth, Nashville, Tenn., for respondents.

## MEMORANDUM AND ORDER [*]

NEESE, Senior District Judge.

The petitioner Mr. Larry R. Walker seeks the federal writ of habeas corpus, 28 U.S.C. § 2254, attacking his convictions of March 18, 1975 in the Criminal Court of Davidson County, Tennessee.[1] He contends he was deprived at trial and on appeal of the effective assistance of counsel as guaranteed him by the Constitution, Sixth Amendment,[2] made applicable to the States through the Fourteenth Amendment, Due Process Clause. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."); *Reece v. Georgia*, 350 U.S. 85, 90, 76 S.Ct. 167, 171, 100 L.Ed. 77 (1955) ("The effective assistance of counsel * * * is a constitutional requirement of due process

which no member of the Union may disregard.").

It appears that Mr. Walker questioned the competency of his attorney first in a proceeding commenced under Tennessee's Post-Conviction Procedure Act, T.C.A. §§ 40–30–101 *et seq.* Following the evidentiary hearing therein, relief was denied by the trial court. That decision was affirmed by the Court of Criminal Appeals of Tennessee.[3]

It is not clear, however, whether Mr. Walker has given the Supreme Court of Tennessee a chance at any time to consider the federal constitutional question raised herein. If he has not, and if he still has available to him a procedure for so doing, he must avail himself of that opportunity before seeking habeas corpus relief in this federal court. *Ex Parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572, 574 (*per curiam* 1944) ("[A]n application for habeas corpus by one detained under a state court judgment of conviction will be entertained by a federal court only after all state remedies available * * * have been exhausted.")

Of course, if Mr. Walker neglected to present this issue to the Supreme Court of Tennessee, and if he no longer has available a procedure for so doing, he would not be barred under the exhaustion of remedies doctrine in this Court. But, in such event, his procedural default might preclude federal habeas corpus relief in the absence of a showing of cause and actual prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 594 (1977). (This matter of "waiver" is separate from that of exhaustion of state remedies. *Engle v. Isaac*, 456 U.S. 107, 124–26, n. 28, 102 S.Ct. 1558, 1570, n. 28, 71 L.Ed.2d 783 (1982).)

---

[*] Application for certificate of probable cause denied. (6th Cir., order of Jan. 26, 1984 in no. 83–5529).

1. Mr. Walker was convicted of armed robbery and assault with intent to commit murder in the 2°. He is serving a sentence of life imprisonment for the armed robbery conviction and a term of 2 to 5 years for the assault conviction, such to run consecutively.

2. "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Constitution, Sixth Amendment.

3. Such appellate court applied the "farce, sham or mockery" standard, having noted that petitioner's conviction took place prior to the decision in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), which decision was only to be applied prospectively.

In the event the petitioner's claim of ineffective assistance of counsel is properly before this Court, it must be evaluated in the context of the entire proceedings in the state courts. *See United States v. Yelardy*, 567 F.2d 863, 866 (6th Cir.1978), *cert. den.*, 439 U.S. 842, 99 S.Ct. 133, 58 L.Ed.2d 140 (1978) ("The touchstone in the vast majority of right-to-counsel cases is the trial record itself.") If, as it appears, findings of fact were made following the hearing on the petition for post-conviction relief, such findings " * * * as to what was done or not done [by counsel], and under what circumstances, are entitled to a presumption of correctness. * * * " *Adams v. Jago*, 703 F.2d 978, 980[2] (6th Cir.1983).

It not appearing upon preliminary consideration that the petitioner is not entitled to relief in this Court, it hereby is

ORDERED that the respondents file an answer within 30 days herefrom in accordance with Rule 5, 28 U.S.C. fol. § 2254.[4] Rule 4, 28 U.S.C. fol. § 2254. The clerk will serve forthwith a copy of the petition and this order by certified mail on the respondents. *Id.*

## OPINION AFTER EXPANSION OF RECORD

The respondent-warden answered and expanded the record herein. Rules 5, 7(a), 28 U.S.C. fol. § 2254. Upon a review of the entire record, this Court hereby DETERMINES that an evidentiary hearing is not required herein, Rule 8(a), 28 U.S.C. fol. § 2254.

The applicant presented fairly to the courts of Tennessee the federal constitutional question he presents here, *see Larry R. Walker*, petitioner, v. *State of Tennessee*, respondent, cases nos. B–5145, B–5146 in the Criminal Court of Davidson County, Tennessee, division one, in which the petitioner was denied relief on May 20, 1977; affirmed February 14, 1978 in *Larry R. Walker*, appellant, v. *State of Tennessee*, appellee, Court of Criminal Appeals of Ten-

nessee; *cert. den.*, May 1, 1978 in *Larry R. Walker*, petitioner, v. *State of Tennessee*, respondent, by the Supreme Court of Tennessee. Thus, he exhausted his state remedies. 28 U.S.C. §§ 2254(b), (c).

The claim of the applicant Mr. Walker that he was denied his federal right to the assistance of counsel was in circumstances which would have rendered a legal representation of him successful to the point of acquittal a virtual impossibility. The summary on his direct review of his judgment of conviction by Judge William S. Russell for an intermediate appellate Court of Tennessee demonstrates this, as follows:

"Walker's guilt is nearly stipulated. He committed an armed robbery of a liquor store, taking all of the store's money from the one employee that he knew to be on the premises. A second employee viewed the robbery from his vantage point behind a one-way mirror, summoned the police and then locked himself in the rest room. After getting possession of all of the money, the defendant [applicant] ordered the one employee that he was aware of to get into a closet. Walker then occupied himself searching in the office for additional loot. However, several police officers arrived shortly. Walker then made the employee leave the closet and go to the store, threatening to shoot him if he told of Walker's presence. Walker then took his place in the closet. The employee soon felt safe in telling the officers that the man they were seeking was in the back. When they opened the door to the back, Walker opened fire. One of his four shots struck Officer Lucas in the leg. Officer Cummings fired one shot which struck Walker. Walker surrendered.

\*   \*   \*   \*   \*   \*

" * * * Walker not only perpetrated an armed robbery, but demonstrated a malignity of heart when he tried four times to kill a police officer. It is against

---

**4.** The petitioner filed what appears to be a transcript of the proceedings conducted before Judge Leathers on March 18, 1975; therefore, it

is not necessary for the respondents to file a copy of the same transcript.

Walker's will at that time that he is not a murderer. * * *

*Walker v. State*, 544 S.W.2d 905, 906, 907–908 (C.Crim.App.Tenn.1976), *cert. den.*, S.Ct.Tenn. (1976).

The aforenamed trial-Court of the state of Tennessee determined after a hearing on the factual issue of whether the applicant was denied his federal right to the assistance of counsel, Constitution, Sixth Amendment, that he had not been so denied. *Inter alia*, that Court found:

"[T]he trial of this case * * * was presented with vigor. [Trial defense-counsel] Mr. Hendrix argued the case well. * * * Mr. Hendrix is a competent—well qualified attorney and with the facts presented in this case, the Court felt that he did as well as he could with it. * * *

"[The applicant] * * * has been adequately represented and, were Mr. Hendrix a privately employed counsel, I don't know that he could have done any more than he did, by having an appointed attorney [sic]. The Court is firmly convinced that he represented him the best he could, and he [sic] had adequate representation * * *."

Honorable Robert K. Dwyer, presiding judge of the Court of Criminal Appeals of Tennessee, stated on appeal, in part, as follows:

"Mr. Hicks testified that he represented [the applicant] Walker at the preliminary hearing; that it was his practice to talk to [sic] each client as they [sic] came from the jail prior to the hearing. Mr. Hicks testified further that he cross-examined the State witnesses and that he tape-recorded the preliminary hearing. "Mr. Charles Hendrix testified that he listened to the tape-recording of the preliminary hearing and that he discussed the case with Mr. Hicks. He further testified that it was his practice to obtain a copy of the indictment and discuss it with each client prior to arraignment. Mr. Hendrix testified that he knew the contents of the State's case due to an 'open file' policy; that he was acquainted with the scene of the crime; and that photographic evidence he had discovered from reading the State's file was the basis for a motion to suppress by him at the trial.

"Mr. Hendrix testified that Mr. Hicks knew the petitioner and was not reluctant to confer with him. However, the only relevant information supplied by Walker dealt with the issue of who shot first. Mr. Hendrix indicated that he informed Walker of the offer of forty years by the State but that Walker insisted on making no deals. Mr. Hendrix testified that he was prepared to go to trial, that he had prepared his theory of defense, and had drawn special requests to submit to aid thereof.

" * * * [C]ourt-appointed counsel rendered effective assistance to appellant. * * * * "

The foregoing findings as to what was done, and under what circumstances, are entitled to the presumption of correctness delineated in 28 U.S.C. § 2254(d). *Adams v. Jago*, 703 F.2d 978, 980[2] (6th Cir.1983). " * * * [T]he conclusion to be drawn from that conduct [of trial-counsel which is being evaluated] regarding the effectiveness of counsel's assistance is legal in nature; those conclusions are not subject to the limitations imposed by section 2254(d). * * * " *Id.* Thus, the determinations of the courts of Tennessee, that Mr. Walker received effective assistance of counsel as required by the Constitution, Sixth Amendment, *supra*, is open to the review of this Court, limited only by the presumption of accuracy this Court must accord the underlying factual findings of the state-Courts relating to that issue. *Id.*

" * * * [A] criminal defendant's sixth amendment right to counsel is protected when he is represented by counsel 'reasonably likely to render and rendering effective assistance.' * * * " *Id.*, 703 F.2d at 980[3]. Mr. Walker does not contend that Mr. Hendrix was unlikely reasonably to render him effective assistance; qualifications for all attorneys admitted to practice law in Tennessee are established by the

General Assembly of Tennessee as enlarged upon by its Supreme Court, *Petition for Rule of Court, Etc.,* 199 Tenn. 78, 282 S.W.2d 782, 784[2], [3] (1955), and require skill, training and character, *Haverty Furniture Co. v. Foust,* 174 Tenn. 203, 124 S.W.2d 694, 697[2] (1939); *Union City & Obion County Bar Ass'n v. Waddell,* 30 Tenn.App. 263, 205 S.W.2d 573, 579[5] (1947), *cert. den.,* S.Ct.Tenn. (1947). Mr. Hendrix was an attorney admitted to practice law in Tennessee.

The applicant testified he knew of no witness, not called, who should have been called and knew of no relevant facts which should have been, but were not, developed on his trial. Mr. Hendrix had familiarized himself with newspaper accounts of the applicant's crime and testified he was surprised by none of the evidence adduced at trial by the state of Tennessee. These facts, in addition to those found by the courts of Tennessee and presumptively correct, suffice to inspire this Court's finding that Mr. Hendrix was indeed rendering effective assistance of counsel during the applicant's trial leading to his conviction on March 18, 1975. It hereby is so FOUND.

Accordingly, all relief is DENIED the petitioner. Rule 58(1), F.R.Civ.P. Should he give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P.; this Court FINDS that any such notice would meet the "good-faith" requirement of 28 U.S.C. § 1915, *cf. Barefoot v. Estelle,* — U.S. —, —, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).[*] Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P.

Before this Court would issue such a certificate, the petitioner Mr. Walker must have demonstrated that a question of some substance is extant or have made a substantial showing of the denial of a federal right; in other words: that the issue adjudicated is debatable between or among jurists of reason; that another Court could resolve the issues presented in a different

manner; or, certainly, that the question(s) presented deserves encouragement for further proceedings. Having failed in the endeavor to prevail on the merits, an appellant need not show that he should so prevail. *Barefoot v. Estelle, supra,* — U.S. at —, n. 4, 103 S.Ct. at 3394 n. 4.

The petitioner Mr. Walker does not make the required demonstration or showing, *supra;* therefore, a certificate of probable cause will NOT issue for such reason, Rule 22(b), *supra;* however, in the event of his giving notice of an appeal, he may propose any additional demonstration or showing to such effect, which, if sufficient, will cause additional consideration to be given the issuance of the desired certificate.

---

[*] No. 82–6080, decided July 6, 1983.