755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
BENNIE R. THOMPSON, DEFENDANT-APPELLANT.
 No. 83-1459
 United States Court of Appeals, Sixth Circuit.
 1/30/85
 
 Before: MARTIN, JONES, and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is our second consideration of Bennie Thompson's conviction for mail fraud, 29 U.S.C. Sec. 1341. The present conviction was the result of a plea agreement. We affirm.
 
 
 2
 Thompson now challenges his conviction on two grounds. First he alleges that he was denied his fifth amendment right to a grand jury indictment. Second, he alleges that he was denied his sixth amendment right to effective assistance of counsel. We deny relief on the first ground and refuse to consider the second.
 
 
 3
 At Thompson's first trial on July 10, 1980, a jury returned a verdict against him on forty-three counts of mail fraud. He was sentenced to fifteen years total imprisonment, five years each on the first three counts to be served consecutively, and five-year sentences on each of the remaining forty counts to be served concurrently with the sentences imposed on the first three counts. On this first appeal, in an unpublished opinion, we reversed and remanded the case to the district court because Thompson was not represented at trial and had not waived representation.
 
 
 4
 On remand, Thompson filed numerous pro se motions, including motions challenging the existence of a valid indictment. These latter motions were withdrawn when the government agreed to provide Thompson with a copy of the grand jury transcript and the grand jury's vote on the indictment. On January 20, 1983, the court entered an order granting disclosure to Thompson's counsel of the Grand Jury Report of Indictment.
 
 
 5
 On March 29, 1983, Thompson appeared with counsel and entered pleas of guilty to two counts of the indictment. The government agreed to dismiss the remaining counts at the time of sentencing. The court advised Thompson that he could withdraw his pleas if the court decided to impose consecutive rather than concurrent sentences on the two counts. On May 27, 1983, Thompson was sentenced to five years imprisonment on each of the two counts, the sentences to run concurrently, giving him a total of five years to serve.
 
 
 6
 Now Thompson alleges that the grand jury never returned an indictment against him. He claims that he heard an Assistant United States Attorney say that the grand jury refused to return an indictment but that he was going to prosecute Thompson anyway. Thompson also has produced several letters from various court personnel stating that they have been unable to locate the grand jury indictment. During the proceedings in the district court, however, Thompson withdrew these motions challenging the existence of an indictment. Although Fed. R. Crim. P. 12(b)(2) does not require Thompson to litigate his objection in the district court, his failure to do so has precluded inclusion of the prosecutor's statement and the proffered letters in the record before us. Consequently, the record contains no evidence from which we could conclude that Thompson was denied the right to an indictment. Thompson's fifth amendment challenge is rejected.
 
 
 7
 Thompson next claims that he received ineffective assistance of counsel because, he alleges, his counsel told him that if he pleaded guilty the judge would release him from prison with time served. Even to us this seems incredible. After an initial sentence of fifteen years his present sentence is relatively lenient. We decline to address this issue, however, because the district court has not had an opportunity to review the evidence and make findings as may have been appropriate. As we noted in Adams v. Jago, 703 F.2d 978 (6th Cir. 1983):
 
 
 8
 The issue, then, of whether or not a criminal defendant received effective assistance of counsel as required by the sixth amendment involves questions of both fact and of law. Like other issues to be determined in the judicial process, there must first be findings of fact as to the actions, or inactions of the party whose conduct is being evaluated; in this case, the attorney.
 
 
 9
 Id. at 980; see United States v. Jarrett, 705 F.2d 198, 209 (7th Cir.), cert. denied, ---- U.S. ----, 104 S. Ct. 995 (1983); United States v. Lang, 644 F.2d 1232, 1240 (7th Cir.), cert. denied, 454 U.S. 870 (1981); United States v. Wilcox, 640 F.2d 970, 974 (9th Cir. 1981).
 
 
 10
 The judgment of the district court is affirmed.