805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CRAWFORD and DENNIS CRAWFORD, Petitioners-Appellants,
v.
Gary LIVESAY, Warden, Respondent-Appellee.
 No. 85-5725.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1986.
 
 Before MILBURN and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioners-appellants James and Dennis Crawford appeal from the district court's denial of their pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. On appeal petitioners argue that the district court erred by applying a presumption of correctness to the state trial court's determination that petitioners were not denied effective assistance of counsel. For the reasons that follow, we affirm.
 
 I.
 
 2
 On August 27, 1977, petitioners were indicted for the offense of rape. Petitioners were found indigent, and counsel was appointed for each petitioner. A jury found petitioners guilty, and they were each sentenced to thirty-five years in prison. Petitioners' convictions were affirmed by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied permission to appeal. State v. Crawford, 620 S.W.2d 543, 544 (Tenn.Crim.App.1981).
 
 
 3
 Petitioners filed an application for post-conviction relief with the state trial court alleging several grounds for relief, including ineffective assistance of counsel. Petitioners asserted that counsel should have conducted pretrial interviews with Dr. Perdue, the emergency room physician who examined the rape victim, that counsel permitted a constable to remain on the jury, and that counsel failed to request the results of pubic hair comparisons performed by the FBI.
 
 
 4
 Following a hearing at which petitioners were represented by counsel, the state trial court dismissed petitioners' application. The state trial court found that defense counsel "vigorously defended defendants in this case and made objections, conducted interviews and cross-examined and argued the case and did all things necessary during trial." Joint Appendix at 75. The Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied permission to appeal.
 
 
 5
 The district court dismissed petitioners' first and second petitions for habeas corpus relief because they contained exhausted and unexhausted claims for relief. Petitioners then filed a third petition for habeas corpus relief alleging only ineffective assistance of counsel. The district court denied the petition determining that the state trial court's finding that petitioners received effective assistance of counsel was not clearly erroneous.
 
 II.
 
 6
 In reviewing petitioners' claim of ineffective assistance of counsel, the district court relied on this court's decision in Poole v. Perini, 659 F.2d 730 (6th Cir.1981), cert. denied, 455 U.S. 910 (1982). There, this court held that when a state court conducts a full and fair post-conviction hearing on the issue of whether or not a defendant was deprived of effective assistance of counsel, the state court's determination that the constitutional standard has been met is presumed to be correct. 659 F.2d at 736. However, the standard of review announced in Poole was rejected by this court in Adams v. Jago, 703 F.2d 978 (6th Cir.1983). There, this court held that although the findings of fact which underlie the ultimate question of whether petitioner received effective assistance of counsel are entitled to a presumption of correctness, the ultimate conclusion to be drawn from these findings regarding the effectiveness of counsel's assistance is not entitled to a presumption of correctness. Adams, 703 F.2d at 980. Although the district court applied an erroneous standard of review, this court may apply the correct standard and reach the merits if it is clear from the record that petitioners' claims are without merit. Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir.1983).
 
 
 7
 The substantive standard to be applied in determining whether petitioners received ineffective assistance of counsel consists of two parts. First, petitioner must show that counsel's performance was deficient. This requires showing that counsel's "efforts fell below an 'objective standard of reasonableness ... under prevailing professional norms.' " Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir.1984) (quoting Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984)). Second, petitioners must show that the deficient performance prejudiced the defense. This requires showing " 'that counsel's errors were so serious as to deprive the defendant of a fair trial.' " Id. Petitioners bear the burden of overcoming a strong presumption that their trial counsel were competent. Id.
 
 
 8
 The alleged failure by petitioners' counsel to interview Dr. Perdue and to request the results of the FBI test does not constitute ineffective assistance of counsel. "A claim of failure to interview a witness ... cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel." United States v. Decoster, 624 F.2d 196, 209 (D.C.Cir.1979) (en banc); see also United States v. Glick, 710 F.2d 639, 644 (10th Cir.1983), cert. denied, 465 U.S. 1005 (1984). The Tennessee Court of Appeals expressly found the petitioners' counsel were in possession of Dr. Perdue's report and that Dr. Perdue testified from that report. Although the record is not as clear whether petitioner's counsel requested the results of the FBI test, petitioners have failed to allege that the failure resulted in any prejudice to their defense.
 
 
 9
 Similarly, the failure by petitioners' counsel to challenge the jury's composition does not constitute ineffective assistance of counsel. "[W]e do not sit to second guess considered professional judgments with the benefit of 20/20 hindsight.... Counsel's performance will not be regarded constitutionally deficient merely because of tactical decisions." Ford v. Strickland, 696 F.2d 804, 820 (11th Cir.), cert. denied, 104 S.Ct. 201 (1983). Attorney McKinnon testified that he and Attorney Yarbro permitted the constable to remain on the jury because Yarbro had once represented the constable's association and they thought he might be sympathetic for this reason. Joint Appendix at 83.
 
 
 10
 Petitioners urge that remand for an evidentiary hearing is appropriate because the record does not disclose, and the district court did not determine, whether petitioners' counsel interviewed Dr. Perdue, nor what additional information might have been obtained. However, no hearing is required if the facts alleged by petitioners and assumed to be true are insufficient to support a claim. Birt v. Montgomery, 725 F.2d 587, 590-91 (11th Cir.), cert. denied, 105 S.Ct. 232 (1984). Even if petitioners' counsel failed to interview Dr. Perdue, that failure does not constitute deficient representation. Further, an evidentiary hearing is not required if the petitioners have failed to allege actual facts which, if proved, would entitle them to relief. Raulerson v. Wainwright, 732 F.2d 803, 813 (11th Cir.), cert. denied, 105 S.Ct. 366 (1984); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 105 S.Ct. 137 (1984). Petitioners failed to allege what additional information, if any, might have been obtained by interviewing Dr. Perdue.
 
 
 11
 Petitioners also urge that remand is appropriate because the district court's application of the Poole standard may have impacted the district court's decision not to appoint counsel. Counsel need not be appointed for an indigent federal habeas petitioner where the petition for relief is without merit. Nelson v. Solem, 714 F.2d 57, 60 (8th Cir.1983); Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir.1983) (per curiam). Since the habeas corpus petition lacked merit, the district court's decision not to appoint counsel was proper.
 
 III.
 
 12
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.