78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard KESMAN Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3594.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1996.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Leonard Kesman Jr., represented by counsel, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Kesman pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 51 months of imprisonment. Kesman did not appeal his conviction and sentence.
 
 
 4
 In his motion to vacate his sentence, Kesman argued that counsel rendered ineffective assistance because he: 1) did not request an additional reduction for "super" acceptance of responsibility; 2) did not raise mitigating circumstances to justify an additional downward departure; and 3) did not raise a defense of justification. Kesman also argued that he did not receive his presentence investigation report (PSI) ten days prior to his sentencing. Upon review, the district court denied the motion as without merit.
 
 
 5
 Kesman has filed a timely appeal, reasserting his claims enumerated one through three above.
 
 
 6
 Initially, we note that Kesman does not raise on appeal his argument that he did not receive his PSI ten days prior to sentencing. Thus, this issue is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Upon review, we conclude that the district court properly denied Kesman's motion to vacate. In order to obtain relief on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam) (applying Brecht to § 2255 motion to vacate). Technical violations of the federal sentencing guidelines will not warrant relief. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993).
 
 
 8
 Generally, a § 2255 motion cannot substitute for a direct appeal. United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). However, a defendant may raise a claim of ineffective assistance for the first time in a collateral proceeding under § 2255. United States v. Carr, 5 F.3d 986, 993 (6th Cir.1993). In order to prevail on such a claim, Kesman must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense so as to render the proceedings unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Counsel rendered effective assistance concerning Kesman's acceptance of responsibility. Kesman was not entitled to an additional one-point reduction for acceptance of responsibility because he did not enter a timely guilty plea. See USSG § 3E1.1(b). Rather, Kesman pleaded guilty on the morning of his trial. Because Kesman was not entitled to an additional one-point reduction, counsel's performance did not prejudice his defense.
 
 
 10
 Counsel also rendered effective assistance concerning whether Kesman was entitled to a downward departure. A district court may depart downward from the applicable guideline range where it finds that there exists mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. See 18 U.S.C. § 3553(b). However, Kesman has not cited any guideline section or case law supporting a departure in this case, and he has not shown that the district court would have exercised its discretion to depart downward. Thus, even if counsel's performance were deficient, Kesman has not established that he was prejudiced as he has not shown that the result of the proceedings would have been different. See Strickland, 466 U.S. at 687.
 
 
 11
 Finally, counsel rendered effective assistance concerning a defense of justification. Kesman's guilty plea waives all non-jurisdictional defenses to his conviction. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Davis, 900 F.2d 1524, 1525-26 (6th Cir.), cert. denied, 498 U.S. 856 (1990).
 
 
 12
 Nonetheless, Kesman's argument lacks merit. Kesman has not shown a justification defense because he did not establish that he faced an imminent threat of death or serious bodily injury on the occasions that he sold the two firearms to allegedly protect himself, and he did not establish that he had no legal alternative to taking possession of the weapons. See United States v. Singleton, 902 F.2d 471, 472 (6th Cir.), cert. denied, 498 U.S. 872 (1990).
 
 
 13
 Accordingly, we hereby affirm the district court's judgment.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation