**UNITED STATES of America, Plaintiff,**

v.

**Desi Arnez BOYD, Defendant.**

**Nos. CV.02–2687–D/A, CR.01–20182–D.**

United States District Court, W.D. Tennessee, Western Division.

March 28, 2003.

Desi Arnez Boyd, F.C.I Memphis, Memphis, TN, Pro Se.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ORDER GRANTING MOTION TO AMEND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 ORDER DENYING CERTIFICATE OF APPEALABILITY AND ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

DONALD, District Judge.

On August 29, 2002, defendant, Desi Arnez Boyd, Bureau of Prisons registration number 17967–076, an inmate at the Federal Correctional Institution (FCI) at Memphis, Tennessee, has filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his violation of 21 U.S.C. § 843(b). Boyd also filed

an application to proceed *in forma pauperis* and exhibits in support of his motion. Defendant's motion to proceed *in forma pauperis* is GRANTED. On January 24, 2003, defendant filed a second motion challenging his sentence in this criminal case. The motion raised a single additional issue and the Court directed the Clerk to file the second motion as a motion to amend. On February 10, 2003, defendant filed his brief in support of the motion to amend. The motion to amend is GRANTED.

## I. PROCEDURAL HISTORY

On September 13, 2001, a grand jury returned a sixty-four count superseding indictment against defendant Boyd and nine co-defendants. Boyd was named in Counts 1, 60, and 62 of the superseding indictment. Count one charged defendant with conspiracy to possess with the intent to distribute and to distribute in excess of 500 kilograms of cocaine, and in excess of fifty kilograms of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. Count sixty charged defendant with using a communication facility to facilitate a conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Count sixty-two charged defendant with using a communication facility to facilitate a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

On October 17, 2001, defendant pled guilty to count sixty of the indictment pursuant to a plea agreement which provided that the Government agreed to dismiss the remaining two counts of the indictment. On January 28, 2002, the Court conducted a sentencing hearing and entered a judgment of conviction imposing a sentence of forty-eight months imprisonment, plus a three year period of supervised release. Defendant did not appeal.

Defendant now claims that his sentence should be set aside. Defendant contends:

1. Counsel was ineffective by:
 A. failing to file a motion for a downward departure pursuant to 18 U.S.C. § 3553 and United States Sentencing Guidelines § 5K2 and 5K2.13; and
 B. failing to object to the calculation of his base offense level at 38;
2. The trial court erred:
 A. by adopting the base offense level as calculated in the pre-sentence report (PSR); and
 B. by adopting the criminal history points and resulting criminal history category as calculated in the PSR; and
3. The trial court was without jurisdiction to impose his sentence based upon the failure of the indictment to state an offense.

## II. ANALYSIS

Boyd does not challenge the validity of his guilty plea. Insofar as he challenges the validity of his sentence, his claims are devoid of merit. Boyd was sentenced on a single count of conviction pursuant to U.S.S.G. § 5G1.1. The statutorily authorized maximum sentence was less than the minimum of the applicable guideline range. Boyd contends his guideline range was improperly calculated. Boyd alleges that without the errors, his applicable guideline range would not have exceeded the statutory maximum sentence and he could have received a lesser sentence. Defendant's sentencing claims should have been raised on direct appeal.

A § 2255 motion can never be utilized as a substitute for an appeal. *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir.1984). Failure to raise a claim on direct appeal constitutes a procedural default that bars

presentation of the claim in a § 2255 motion.

Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system. Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.

*Grant v. United States,* 72 F.3d 503, 506 (6th Cir.1996)(citing *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994)). Even claims of constitutional error that could have been raised on appeal are waived unless the defendant demonstrates cause and prejudice for that failure. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Here, defendant cannot demonstrate cause and prejudice, nor are his claims of constitutional dimension.

 Defendant failed to allege that the procedural default of issues 2B and 3 resulted from his attorney's ineffective assistance. However, as defendant must demonstrate cause and prejudice for this default, the Court will consider all claims presented in the motion as claims of ineffective assistance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), establishes the standard for an ineffective assistance claim. A petitioner must show:

1. deficient performance by counsel; and

2. prejudice to the defendant from the deficient performance.

*Id.* at 687, 104 S.Ct. 2052. To demonstrate prejudice, a movant under § 2255 must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Additionally, however, in analyzing prejudice,

the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

*Lockhart v. Fretwell,* 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (citing *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell,* 506 U.S. at 369, 113 S.Ct. 838. In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable. *Id.* at 371, 113 S.Ct. 838.

 A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. *Lewis v. Alexander,* 11 F.3d 1349, 1352 (6th Cir.1993); *Isabel v. United States,* 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. In evaluating an ineffective assistance claim, the Court

should not second guess trial counsel's tactical decisions. *Adams v. Jago,* 703 F.2d 978, 981 (6th Cir.1983). An ineffective assistance claim based on counsel's failure to raise a particular defense requires as a threshold matter a showing that the defense is meritorious. *Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.* at 697, 104 S.Ct. 2052. *See also United States v. Haddock,* 12 F.3d 950, 955 (10th Cir.1993).

■ Boyd alleges in issue 1A that counsel was ineffective for failing to pursue a downward departure. The flaw in defendant's argument as to his departure claim is that there is no right to a downward departure. The Court's decision to grant that request is not only purely discretionary, but specifically insulated by statute from judicial review. *See, e.g., United States v. Dellinger,* 986 F.2d 1042, 1044 (6th Cir.1993); *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990).

■ Errors that are not cognizable on direct appeal and that are not of constitutional dimension are generally not cognizable on a motion to vacate. *Cf. Durrive v. United States,* 4 F.3d 548 (7th Cir.1993) (discussion of sentencing errors that may be challenged on direct, but not collateral, review); *Scott v. United States,* 997 F.2d 340, 342–43 (7th Cir.1993)(same). As the Court noted in *Scott,* 997 F.2d at 342–43: "Only extraordinary circumstances—for example, a district court's refusal to implement a provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal—even call for inquiry [under § 2255]."

■ In order to satisfy the prejudice prong of an ineffective assistance of counsel claim based upon a Guidelines issue, the petitioner must show that the lawyer's failure to pursue the issue actually affected the sentence. *Durrive,* 4 F.3d at 551. Here, "even if counsel's performance were deficient, [the defendant] has not established that he was prejudiced." *Kesman v. United States,* No. 95–3594, 78 F.3d 584, 1996 WL 102418, *2 (6th Cir. Mar.7, 1996).[1] The record does not support Boyd's allegation that the Court "assumed it lacked authority to depart downward." The pre-sentence report adopted by the Court included Boyd's family history, mental health treatment, and educational and intellectual difficulties. The Court adopted and sentenced Boyd pursuant to his negotiated written plea agreement. Boyd cannot establish that the Court would have indeed granted the departure even if requested, and thus cannot establish prejudice.

He thus cannot show "that the result of the proceedings would have been different" and cannot establish either ineffective assistance or the cause and prejudice that depends on it. *Id.* (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). Thus, defendant's claim that counsel was ineffective for failing to pursue a departure is without merit.

■ Defendant contends in issues 1B and 2A that his base offense level should not have been calculated at 38 for 1.5 kilograms or more of cocaine base.[2] Boyd alleges that he was not convicted for a drug offense, merely "use of the phone."

---

1. Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" *Norton v. Parke,* 892 F.2d 476, 479 n. 7 (6th Cir.1989).

2. Note (A) to the Drug Quantity Table provides that if a mixture or substance contains more than one controlled substance, the

Count 60 of defendant's indictment charges:

> On or about March 31, 2000, at approximately 12:01 p.m. in the Western District of Tennessee, the Defendants Kevin Webber and Desi Boyd, a/k/a "Big A" knowingly used, and caused to be used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony in violation of Title 21, United States Code, Section 846, to wit, conspiracy to distribute cocaine and cocaine base, in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code Section 2.

Defendant's argument is specious. His base offense level was determined by using the offense level applicable to the underlying offense, pursuant to U.S.S.G. § 2D1.6(a).[3]

Boyd pled guilty specifically admitting that his telephone conversation with co-defendant Webber was about two kilograms of cocaine he had purchased from Webber. Boyd told Webber that he had converted one kilogram into crack cocaine, but the second kilogram was defective. Boyd returned the defective kilogram to Webber. Boyd further advised the probation officer that he had been purchasing cocaine from co-defendant Webber for approximately six to seven years, first an ounce twice a week, then in increasing amounts. Boyd admitted that the largest amount he purchased at one time was one kilogram and he had purchases that amount on four to five occasions. Boyd's own estimate of the amount of cocaine he had purchased in the past six or seven years was six or seven kilograms. Accordingly, based upon the drug quantity specifically admitted by the defendant, his base offense level was properly determined to be level 38, for 1.5 kilograms or more of cocaine base.

Boyd related this information in order to obtain a full three point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. This of course required that he admit having committed the charged offense. Furthermore, defendant's plea agreement required the defendant to give complete, truthful, and accurate information and testimony. Had defendant violated the agreement, the Government would have been released from its obligation under the agreement and defendant would have been subject to a guideline imprisonment range of 292 to 365 months imprisonment.

■■■■■ Defendant also contends in issues 1B and 2A that the single count of the indictment to which he pled guilty contained no drug weight. He concludes that the use of the drug quantity in the conspiracy count to calculate his base offense level violates the principles enunciated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (June 26, 2000). Boyd cannot demonstrate that *Apprendi* has been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255 ¶ 8(2). The United States Supreme Court must explicitly hold that its decision is retroactive to cases on collateral review and has not done so in the case of *Apprendi*. *In re Michael A. Clemmons*, 259 F.3d 489, 495 (6th Cir. 2001).[4]

---

weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.

**3.** Application note 12 to the Drug Quantity table provides that types and quantities of drugs not specified in the count of conviction may be considered in determining the offense

level. Furthermore, relevant conduct also includes conduct underlying counts dismissed pursuant to a plea agreement. *United States v. Gibson*, 985 F.2d 860 (6th Cir.1993).

**4.** Furthermore, the Court notes that the principles of *Apprendi* are not implicated in this case where the defendant pled guilty express-

■ Issue 3A is devoid of even arguable merit because it is based upon defendant's mistaken belief that his criminal history score was miscalculated. Boyd contends that he should not have received a point for his conviction in Shelby County Criminal Court on January 13, 1998. Boyd contends the conviction should be excluded as a petty offense or infraction under U.S.S.G. § 4A1.2(c). Boyd was charged with felony reckless endangerment and convicted of reckless endangerment, a class A misdemeanor. Sentences for misdemeanors and petty offenses are counted unless specifically excepted in § 4A1.2(c)(1) or (2). Reckless endangerment is not excepted and Boyd's offense conduct of driving at a high rate of speed and doing "donuts" on a parking lot where approximately 1000 or more people were driving or walking does not qualify as a minor traffic infraction.

Boyd also contends that his two convictions for possession of marijuana with intent to manufacture/deliver/sell in Shelby County Court on April 23, 2001, should have been assessed one point, rather than two points. Defendant argues that the consolidation of these two separate offenses for sentencing and the imposition of concurrent sentences means that those two convictions should be considered "related" with only one point assessed.

Application Note 3 to § 4A1.2 of the U.S.S.G. advises:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing....

■ Defendant demonstrates no basis for a claim that the two different drug charges were factually related or part of a single common plan or scheme, rather than two separate criminal acts. Defendant was arrested for the first offense on September 15, 1999. He was arrested for the second offense on October 28, 1999.

---

ly waiving his right to trial knowing the drug quantities charged as well as the amount attributable to him, consented to a determination of drug quantity at an evidentiary hearing, and was not sentenced in excess of the statutory maximum. The Sixth Circuit has held that *Apprendi* by its terms applies only where the finding "increases the penalty for a crime beyond the prescribed statutory maximum," 530 U.S. at 490, 120 S.Ct. 2348, and not to the Guidelines. *United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir.2002) (citing *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir.2001)) ("*Apprendi* does not purport to apply to penalties in excess of any particular range or based on any particular offense level under the Sentencing Guidelines.") and *United States v. Fields*, 251 F.3d 1041, 1043–44 (D.C.Cir.2001)("*Apprendi* does not apply to enhancements under the Sentencing Guidelines when the resulting sentence remains within the statutory maximum."). *See also United States v. Schulte*, 264 F.3d 656, 660 (6th Cir.2001) (rejecting contention that *Apprendi* should apply to guideline enhancements even where the statutory maximum is not exceeded).

> Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries—and without contradicting *Apprendi*.

*Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 2418, 153 L.Ed.2d 524 (2002).

The state grand jury returned two separate indictments, the state charges were under two different docket numbers, and defendant received two separate sentences. The fact that defendant was sentenced for two crimes on the same day does not suffice to demonstrate consolidation, even if the sentences are to run concurrently. *United States v. Garcia*, 962 F.2d 479 (5th Cir.1992); *United States v. Fitzhugh*, 984 F.2d 143 (5th Cir.1993).

Boyd has failed to demonstrate that his attorney provided ineffective assistance by failing to raise the foregoing frivolous issues 1B, 2A, and 2B at sentencing or on appeal. Thus, Boyd has failed to allege any conduct by his attorney that would remotely constitute deficient performance under *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, or establish prejudice within the meaning of *Lockhart v. Fretwell*, 506 U.S. at 368, 113 S.Ct. 838. Issue 2 is therefore denied.

■ Issue 3 consists of Boyd's contention that the Court was without jurisdiction to impose a sentence because 21 U.S.C. § 843(b) does not specify a penalty and did not contain an element or charge of actual possession of drugs. Further, Boyd contends he had to be indicted for violating 21 U.S.C. § 843(d) for the judge to have the ability to sentence him. Boyd waived any defective indictment defense, even if it could have been asserted, by entering his guilty plea. The "sufficiency of an indictment cannot be questioned on a motion under Section 2255 unless it is so defective on its face as not to charge an offense under any reasonable construction." *Eisner v. United States*, 351 F.2d 55, 56 (6th Cir.1965). *See also Walker v. United States*, 439 F.2d 1114 (6th Cir.1971) (following *Eisner* in affirming denial of § 2255 motion after entry of guilty plea); *Anderson v. United States*, 427 F.2d 165 (6th Cir.1970).

■ An indictment only affects the Court's jurisdiction if it is so insufficient that it completely fails to charge an offense. *United States v. Prince*, 868 F.2d 1379, 1384 (5th Cir.1989). *Cf. United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(error only cognizable under § 2255 if it affects court's jurisdiction, constituting a fundamental defect that results in a complete miscarriage of justice); *United States v. Rivera*, 879 F.2d 1247, 1251 (5th Cir. 1989)(to challenge defect in indictment by § 2255 motion, indictment must fail to state any offense at all so that defect is jurisdictional); *United States v. Morales–Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988)(same). Boyd does not contend that his guilty plea was involuntary. He clearly had the benefit of counsel and the face of the record clearly demonstrates that the Court had both subject matter and personal jurisdiction over the prosecution of Boyd. Accordingly, by pleading guilty, Boyd waived any claims related to the Court's jurisdiction. Issue three is also completely frivolous and is denied.

■ The motion offers no factual or legal support for any relief under § 2255. Such a motion must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States*, 504 F.2d 63 (6th Cir.1974); *Ramsey v. United States*, 223 F.Supp. 605 (E.D.Tenn.1963). Furthermore, in order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *United States v. Ross*, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must

reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. at 348, 114 S.Ct. 2291; *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)(per curiam)(holding that motion under § 2255 must establish a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process). Boyd's motion does not meet this standard.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. *See also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. *United States v. Johnson*, 327 U.S. 106, 111, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.1986). Defendant's conviction and sentence are valid, and his motion is denied.

### III. *POSSIBLE APPEAL*

 Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[5] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

 *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063 (6th Cir.1997), held that district judges may issue certificates of appealability under the AEDPA. *Id.* at 1073. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). *See Lyons*, 105 F.3d at 1073.

[P]robable cause requires something more than the absence of frivolity ... and the standard for issuance of a certificate of probable cause is a higher one than the "good faith" requirement of § 1915.... [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot*, 463 U.S. at 893, 103 S.Ct. 3383 (internal quotations and citations omitted). In this case, for the reasons discussed in the body of this order, the movant's claims are clearly without merit and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

---

5. Title I of the AEDPA substantially revised the habeas statutes, including 28 U.S.C. §§ 2244, 2253, and 2255. Among other provisions, this Act amends 28 U.S.C. §§ 2244(b)

and 2255 to require the district court to dismiss any subsequent § 2255 motion case absent permission from the Court of Appeals.

The Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub.L. 104–134, 110 Stat. 1321 (Apr. 24, 1996), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir.1997). *Cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917,[6] the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure (F.R.A.P.). *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

F.R.A.P. 24(a) states, in pertinent part that:

A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore certified, pursuant to F.R.A.P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.

---

**6.** The fee for docketing an appeal is $100. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.