**Lester Ray WALKER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 19507.**

United States Court of Appeals Sixth Circuit.

Jan. 13, 1970.

Luther E. Cantrell, Jr. (court appointed), Nashville, Tenn., for petitioner-appellant.

Ames Davis, Nashville, Tenn., for respondent-appellee; Charles H. Anderson, U. S. Atty., Nashville, Tenn., on the brief.

Before EDWARDS, PECK and COMBS, Circuit Judges.

PER CURIAM.

Appellant in this case filed a petition to attack a 16-year bank robbery sentence entered on a plea of guilty because he now claims the plea was involuntary. His petition asserted that he had been subjected to an illegal search and seizure, had been denied counsel during police questioning, and had inadequate representation at arraignment and plea.

The District Judge who denied this petition without conducting an evidentiary hearing on petitioner's allegations was also the District Judge who had taken the plea and sentenced appellant. In denying the petition the District Judge said in part:

"Without commenting on the factual questions involved, it is apparent that the petitioner relinquished his opportunity to contest the constitutionality of the actions of the police by voluntarily entering a plea of guilty. No substantive evidence obtained through the police search or the petitioner's interrogation was introduced against him at his arraignment. Furthermore, the government's statement of the facts was presented without challenge, though both the petitioner and his trial attorney were given the opportunity to object or enter their own version of the case.

"Petitioner further contends that he was inadequately advised and represented by his court-appointed attorney and thereby denied an opportunity to assert the above mentioned violations of his constitutional rights. The transcript of the arraignment proceedings, however, evidences that the petitioner voluntarily, and with full understanding of the effect of his actions, entered his plea of guilty. The Court thoroughly examined both the petitioner and his attorney during the arraignment proceedings and determined that after consultation with his attorney, the petitioner desired to admit his guilt to the Court. Petitioner was given every opportunity at his arraignment to question the adequacy of his representation, but instead, he acquiesced in all that his attorney told the Court. In his petition, petitioner fails to allege any facts that were not completely within his knowledge when he chose to plead guilty. That petitioner was adequately and fully advised by a competent attorney is apparent from the transcript of the arraignment proceedings."

Appellant relies principally upon Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247 (1960), where Judge Burger (now Chief Justice Burger) held for the Court that a sentence rendered upon a truly coerced plea of guilty is subject to attack under the statute respecting vacation of sentence (*see also* Com. of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956)). We have no doubt about the accuracy of this view, but we have read the transcript of the arraignment and plea of guilty and find support therein and on the total record of this case for the procedure and the decision of the District Judge.

The judgment of the District Court is affirmed.