**Lester Ray WALKER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 20742.

United States Court of Appeals, Sixth Circuit.

March 8, 1971.

---

2. See U. S. v. Scoratow, supra, for a more detailed statement of the factual background.

Lester Ray Walker in pro. per.

Charles H. Anderson, U. S. Atty., Ames Davis, Asst. U. S. Atty., Nashville, Tenn., for appellee on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from the Middle District of Tennessee, Nashville Division, of an order dismissing a motion to vacate sentence made pursuant to 28 U. S.C. § 2255 (1964). The Appellant voluntarily pled guilty to a one count bank robbery indictment under 18 U.S.C. § 2113(d). This Court recently affirmed a denial of a second motion by Appellant pursuant to § 2255 alleging that he did not have a full understanding of the effect of his actions when he voluntarily entered his plea of guilty. Walker v. United States, 419 F.2d 1272 (6th Cir. 1970).

The sole question presented to this Court on the appeal of the instant § 2255 motion is the sufficiency of the indictment of bank robbery to which Appellant pled guilty.

The indictment charges:

"On or about Tuesday, October 3, 1967, in the Northeastern Division of the Middle District of Tennessee, Lester Ray Walker, by force and violence and by intimidation, did take from the person and presence of Mrs. Nellie Cherry, $2,678.00 in money belonging to and in the care, custody, control, management and possession of the Bank of Celina, Celina, Clay County, Tennessee, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and Lester Ray Walker in committing the aforesaid acts did assault one Mrs. Nellie Cherry and did put in jeopardy the life of the said Mrs. Nellie Cherry by the use of a dangerous weapon, that is, a .32 caliber revolver. * * * In violation of Title 18, U.S.C. Section 2113(d)."

The aforequoted indictment is worded in language which parallels that of the federal bank robbery statute, 18 U.S.C. §§ 2113(a) and (d).

In reviewing allegations of the sufficiency of an indictment on a motion to vacate sentence, we have held that the sentence shall not be set aside if under "any reasonable construction" an offense is charged and the accused is "fairly apprise[d] * * * of the crime intended to be alleged * * *." Eisner v. United States, 351 F.2d 55, 56–57 (6th Cir. 1965); Anderson v. United States, 215 F.2d 84, 86 (6th Cir. 1954), cert. denied sub nom Lewis v. United States, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698 (1954).

While the statutory language in the instant case does not specifically mention the necessity of criminal intent, the language "[b]y force and violence and by intimidation did take * * *" implicitly requires such criminal intent. The indictment of Appellant which is framed in the language of the statute clearly charges the Appellant with a criminal offense and fairly apprises him of the crime intended to be alleged.

Affirmed.