899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin Eugene ALVEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-6180.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1990.
 
 1
 Before KEITH and NELSON, Circuit Judges; and JAMES P. CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner has filed a motion for appointment of counsel and to proceed in forma pauperis in his appeal from the district court's order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Martin Eugene Alvey pleaded guilty to one count of possession with intent to distribute marijuana and one count of use or possession of a firearm during a drug trafficking offense. He was sentenced to serve a term of five years and one day and to pay an assessment of one hundred dollars. Alvey is currently incarcerated in the Federal Correctional Institution in Terre Haute, Indiana. In his motion to vacate sentence, Alvey sought credit toward his sentence for time spent on bond prior to sentencing.
 
 
 4
 Upon review, we conclude that the motion to vacate, set aside or correct sentence was properly denied. Alvey's claim is not cognizable under 28 U.S.C. Sec. 2255.
 
 
 5
 First, a federal prisoner who wishes to raise a sentencing credit issue may do so only by filing a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. The petition is properly brought in the district court having jurisdiction over the petitioner's custodian. See Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir.1977). Because Alvey is incarcerated in Indiana, the District Court for the Western District of Kentucky would have no jurisdiction over such a claim.
 
 
 6
 Second, Alvey was not entitled to relief because he failed to show that he had exhausted administrative remedies, a prerequisite to bringing suit in federal district court. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981).
 
 
 7
 Third, Alvey is not entitled to sentencing credit for time spent on restricted bond prior to sentencing. See Woods v. United States, 888 F.2d 653, 655 (10th Cir.1989), cert. denied, 58 U.S.L.W. 3545 (U.S. Feb. 26, 1990) (No. 89-6331). Time spent on bond is not applicable to the accumulation of sentencing credit; actual incarceration is required. See Marrera v. Edwards, 812 F.2d 1517, 1517 (6th Cir.1987) (order).
 
 
 8
 Accordingly, Alvey's motion to proceed in forma pauperis is granted, all other pending motions are denied, and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. Senior District Judge for for the Eastern District of Michigan, sitting by designation