7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Earl LOVERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5269.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 W.D.Tenn., Nos. 90-20273, 93-02045; Gibbons, J.
 
 
 1
 W.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MERRITT, Chief Judge; NORRIS and SUHRHEINRICH, Circuit Judges
 
 ORDER
 
 4
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. § 2255. In 1991, David Earl Loverson pleaded guilty to one count of possession of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and received a sixty-three month sentence. Loverson did not take a direct appeal from this conviction.
 
 
 6
 Loverson subsequently filed a motion to vacate sentence in which he challenged the constitutionality of the 1991 conviction and sentence. The district court thereafter entered an order denying the motion and this appeal followed. The parties have briefed the issues; Loverson is proceeding without counsel. In addition, Loverson moves for in forma pauperis status on appeal.
 
 
 7
 Loverson set forth four grounds for relief in his motion to vacate: involuntary guilty plea, ineffective assistance of trial counsel, denial of due process, and illegal sentence. The record and law indicate that some of Loverson's claims are not cognizable in a § 2255 motion; the other claims do not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Loverson's first ground for relief, that his guilty plea was not voluntary, is in reality an attempt to dispute the sufficiency of the evidence against him. This claim lacks merit. First, no suggestion appears of record which would cast doubt on the voluntary nature of the plea. A plea of guilty is valid if, under the totality of the circumstances, the record reflects that it was entered voluntarily, knowingly, and intelligently. Brady v. United States, 397 U.S. 742, 748-49 (1970). A review of the plea colloquy transcript reveals the district court's scrupulous adherence to the requirements of Fed.R.Crim.P. 11 in outlining for Loverson the waiver of rights, the possible penalties, and the necessity of Loverson's unequivocal willingness to enter into the agreement. Second, a defendant who has entered a plea that is found to be valid may not thereafter challenge nonjurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 9
 Loverson's second ground for relief is ineffective assistance of trial counsel. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-696 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). Loverson's motion does contain a recitation that he would have gone to trial except for counsel's errors, but the tenor of this claim is that the prosecution did not have enough proof to convict him. To the extent that Loverson is claiming other specific examples of attorney negligence, they appear wholly conclusionary or insufficient as a matter of law.
 
 
 10
 Loverson's third ground for relief is that he was denied due process of law because the charging instrument did not adequately inform him of the charges. A challenge to the sufficiency of an indictment which is raised in a motion to vacate will not be successful if, under any reasonable construction, the indictment charges an offense and the accused if fairly apprised of the alleged offense. Walker v. United States, 439 F.2d 1114, 1115 (6th Cir.1971) (per curiam). A review of the indictment in question reflects the meritless nature of this claim.
 
 
 11
 Loverson's final contention is that a portion of his sentence, namely, the four-year term of supervised release, was excessive. The applicable sentence guideline, U.S.S.G. § 5D1.2(a), mandates that a defendant in Loverson's position be sentenced to at least three and no more than five year's supervised release. This claim also appears waived as Loverson has not made a showing of cause and prejudice to excuse his failure to raise this on direct appeal. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The motion was properly denied.
 
 
 12
 Accordingly, the motion for in forma pauperis status is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.