53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Willie E. DORSEY, Sr. Petitioner-Appellant,
v.
UNITED STATES of America Respondent-Appellee.
 No. 94-4291.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Willie E. Dorsey, Sr., a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In July 1993, Dorsey pleaded guilty to count six of a multiple count indictment, charging him with distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A)(iii). The government dismissed the remaining counts in exchange for the plea. Dorsey was sentenced to 120 months of imprisonment. A panel of this court affirmed Dorsey's conviction and sentence. United States v. Dorsey, Case No. 93-3782 (6th Cir. May 2, 1994).
 
 
 4
 In his motion to vacate, Dorsey argued that: 1) the district court denied him the benefit of his plea bargain by not adjusting his sentence downward; 2) contrary to his agreement with the government, he was not sentenced within a range of 78 to 97 months; 3) he entered a conditional plea pursuant to Fed. R. Crim. P. 11; 4) he is entitled to credit against his sentence for time he spent in home confinement prior to sentencing; 5) his sentence is improper because he never saw a copy of the presentence investigation report; and 6) he was improperly sentenced with respect to drugs included in the dismissed counts of the indictment.
 
 
 5
 Upon review, a magistrate judge filed a report recommending that the district court deny the motion as without merit. Upon review of Dorsey's objections, the district court recommitted the case to the magistrate judge for reconsideration of the matters raised in Dorsey's objections. The magistrate judge filed a second report, again recommending that the district court deny the motion as without merit. Over Dorsey's objections, the district court adopted the magistrate judge's recommendation and denied the motion. Dorsey has filed a timely appeal, reasserting the same claims. He has also filed a motion to proceed in forma pauperis.
 
 
 6
 Initially, we note that the nomenclature used in the district court's separate judgment misidentifies the parties. The judgment appears to grant relief for the defendant/Dorsey, while the memorandum opinion clearly denies relief to Dorsey. Viewing the judgment and memorandum opinion together, we conclude that the district court clearly intended to deny relief to Dorsey. We also note that none of the parties were misled as they both have proceeded on appeal knowing that the district court has denied Dorsey relief.
 
 
 7
 Upon review, we conclude that as for Dorsey's first two claims, which facially assert constitutional challenges to his conviction and sentence, the district court properly denied relief because there was no constitutional error resulting in actual prejudice to Dorsey. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); United States v. Cappas, 29 F.3d 1187, 1193 (7th Cir. 1994). As for Dorsey's remaining nonconstitutional claims, relief was properly denied because Dorsey has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 8
 A review of the record reflects that Dorsey received the benefit of his plea agreement as the sentencing court did grant him a substantial downward departure, and nothing in the record indicated that there was an agreement between Dorsey and the government that he would be sentenced within a range of 78 to 97 months. See Mabry v. Johnson, 467 U.S. 504, 510-11 (1984); United States v. Robison, 924 F.2d 612, 613-14 (6th Cir. 1991). The record also establishes that Dorsey did not enter into a conditional plea agreement. See Fed. R. Crim. P. 11(a)(2); United States v. Bell, 966 F.2d 914, 916 (5th Cir. 1992); United States v. Pickett, 941 F.2d 411, 416 (6th Cir. 1991).
 
 
 9
 Dorsey's claim that he is entitled to sentencing credit for time spent in home confinement under electronic monitoring is not even cognizable in a Sec. 2255 motion to vacate as Dorsey is challenging the execution, not the imposition, of his sentence. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). The Bureau of Prisons (BOP), and not the district court, is authorized to grant a defendant credit toward his sentence for time served in official detention before his sentence begins to run. United States v. Wilson, 112 S. Ct. 1351, 1354 (1992). Nonetheless, this claim is frivolous as his confinement simply does not constitute official detention. See Edwards v. United States, 41 F.3d 154, 157 (3d Cir. 1994); Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925-26 (9th Cir. 1993) (per curiam); United States v. Becak, 954 F.2d 386, 387-88 (6th Cir.), cert. denied, 112 S. Ct. 2286 (1992).
 
 
 10
 Contrary to Dorsey's argument, he was properly sentenced even though he allegedly did not see the final version of his presentence investigation report, as he testified that he saw the original version and had no objections to it, and the only change between the original and the revised versions was favorable to Dorsey. Thus, Dorsey had an opportunity to review the report and to object to any alleged inaccuracies contained therein. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988).
 
 
 11
 The district court also properly considered at sentencing the drugs included in the dismissed counts of the indictment as they were part of the same course of conduct or common scheme or plan as the offense of conviction. See United States v. August, 984 F.2d 705, 713 (6th Cir. 1992) (per curiam), cert. denied, 114 S. Ct. 158 (1993).
 
 
 12
 Accordingly, we hereby grant Dorsey pauper status for the limited purpose of this review, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation