**Jantz S. CLINKSCALE Petitioner**

v.

**UNITED STATES of America Respondent**

**No. 4:03 CV 416.**

United States District Court, N.D. Ohio, Eastern Division.

Jan. 28, 2005.

Jantz S. Clinkscale, F.C.I. Ashland, Ashland, KY, Pro se, for Plaintiff.

James V. Moroney, Jr., Office of the U.S. Attorney, Northern District of Ohio, Cleveland, OH, for Defendant.

### MEMORANDUM OF OPINION AND ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION

WELLS, District Judge.

Before this Court is *pro se* petitioner Jantz S. Clinkscale's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. (Docket # 1). In connection with his petition, Mr. Clinkscale also filed a motion for discovery of grand jury minutes. (Docket # 7). Respondent filed an answer to Mr. Clinkscale's petition and a response in opposition to his motion for discovery of grand jury minutes. (Docket # 8). Mr. Clinkscale then filed a traverse. (Docket # 9).

After briefing was completed on Mr. Clinkscale's motion, Mr. Clinkscale filed two related motions to amend his petition. (Docket # 11 and # 13). In his motions to amend, Mr. Clinkscale seeks to add an additional ground for relief based on the alleged inaccurate calculation of his sentencing credits. Respondent has filed a brief in opposition. (Docket # 12).

For the reasons set forth below, Mr. Clinkscale's 2255 motion, his motion for discovery of grand jury minutes, and his motions for leave to amend will be denied.

## I. BACKGROUND

### A. Trial Court Proceedings and Direct Appeal

On 20 October 1999, Mr. Clinkscale was indicted on 31 felony counts.[1] On 27 December 1999, Mr. Clinkscale file a motion to suppress all evidence seized during a 4 August 1998 search of his home on three different grounds: 1) the affidavit failed to set forth probable cause to believe that he was a drug dealer; 2) the information in the indictment was stale; and 3) the warrant failed to specify with particularity the precise crime for which the evidence could be sought. This Court denied the motion to suppress on 24 February 2000.[2]

On 28 February 2000, pursuant to a written plea agreement, Mr. Clinkscale pled guilty to eight counts of the indictment: Count One (conspiracy to distribute cocaine, and to possess cocaine with intent to distribute); Count Three (being a felon-in-possession of a firearm); Count Seven (wilfully subscribing to a false federal income tax return for the taxable year 1997); Counts 13, 18, and 23 (structuring currency transactions); and Counts 30 and 31 (money laundering). On 24 August 2000, this Court sentenced Mr. Clinkscale to a 90 month term of incarceration to be followed by four years of supervised release.

In the plea agreement, Mr. Clinkscale specifically reserved the right to appeal this Court's suppression order, and both parties acknowledge that, if Mr. Clinkscale were successful on appeal, he maintained the right to withdraw the guilty plea entered pursuant to the agreement. Other than preserving his right to appeal the suppression order, Mr. Clinkscale:

> Expressly waive[d] the right to appeal his conviction, and his sentence on any ground, including any appellate right conferred by 18 U.S.C. § 3742, so long as the Court sentences the defendant in a manner consistent with the provisions set forth in paragraph 5 of [the plea] agreement.

(Plea Ag. at ¶ 13). Mr. Clinkscale does not dispute that his ultimate sentence was consistent with the terms of his plea agreement.

Ultimately, Mr. Clinkscale did file an appeal of this Court's suppression order. On 27 February 2002, the Sixth Circuit affirmed this Court's denial of Mr. Clinkscale's motion to suppress based upon the reasoning employed by this Court. *U.S. v. Clinkscale*, 30 Fed.Appx. 330 (6th Cir. Feb.27, 2002).

### B. Mr. Clinkscale's 2255 Motion

On 7 March 2003, Mr. Clinkscale filed a motion to correct or vacate his sentence, pursuant to 28 U.S.C. § 2255, asserting two grounds for relief: 1) his indictment was defective in violation of the Fifth and Sixth Amendments of the United States Constitution, (Docket # 1, at PG4–PG14);[3] and, 2) he was denied the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitu-

---

1. Sheila D. Clinkscale was also charged in various counts of the indictment.

2. On 7 July 2000, this Court granted respondent's motion to clarify its suppression order.

3. The precise nature of Mr. Clinkscale's defective indictment claim is somewhat imprecise, but it appears to be based in a mixture of constitutional due process rights protected by the Fifth and Sixth Amendments. *See United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004) (explaining that a "grand jury indictment protects three constitutional due process rights, namely: the Sixth Amendment's right to fair notice of the criminal charges against which one will need to defend; and the Fifth Amendment's dual protections against twice placing a defendant in jeopardy for the same offense, and holding the defendant to answer for crimes not presented to or indicted by a grand jury.")

tion,[4] (Docket # 1, at 4). With respect to his second claim, Mr. Clinkscale asserts that his counsel was constitutionally ineffective for failing to:

1) "Get defective indictment thrown out;"
2) "Effectively argue motion to suppress;"
3) "Argue [for a] 3 point deduction for acceptance of responsibility;"
4) "Argue [against a] 2 point increase for criminal history;"
5) "Argue that 922(g)(1) has no penalty provisions;"
6) "Point out seizure of items fell outside the scope of the warrant;"
7) "Challenge perjured statements made by government as to seizure of vehicles."

(Docket # 1, at 4).

## II. MOTIONS FOR DISCOVERY AND TO AMEND HIS SECTION 2255 MOTION

Before addressing the underlying motion itself, this Court turns its attention to Mr. Clinkscale's motion for discovery of grand jury minutes and his motions to amend his petition.

### A. Motion for Discovery of Grand Jury Minutes

With this discovery motion, Mr. Clinkscale seeks a transcript of the grand jury minutes along with the following:

• The names and addresses of all attorneys for the government appearing before, presenting evidence to, or making statements to the grand jury;

• A statement as to whether any unsworn witnesses or unauthorized persons were present in the grand jury room;

• A statement as to when the grand jury first commenced its duties and a copy of any documents or orders relating to or extending its authority or term.

(Docket # 7). In the alternative, he requests that this Court conduct an *in camera* review of the requested grand jury materials to determine whether there was any abuse or defect in the grand jury proceedings.

 Under Rule 6 of the Rules Governing 2255 proceedings, Mr. Clinkscale is not automatically entitled to conduct discovery, but rather must obtain leave, for good cause shown, from the court to do so. Although the permitted discovery may include grand jury transcripts, *DeVincent v. United States*, 602 F.2d 1006, 1010 (1st Cir.1979), Mr. Clinkscale, in order to lift the "veil of secrecy" surrounding grand jury proceedings, must demonstrate the existence of a "particularized need" for such discovery that outweighs the general rule of grand jury secrecy. *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 220–23, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *Dennis v. United States*, 384 U.S. 855, 869–70, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *see also In re Antitrust*, 805 F.2d 155, 160–61 (6th Cir. 1986).[5] The *Douglas Oil* standard for disclosure is "a highly flexible one, adaptable to different circumstances and sensitive to the fact that the requirements of secrecy

---

4. Although Mr. Clinkscale's motion, on its face, appears to delineate three separate grounds of relief, all three grounds relate to ineffective assistance of counsel, (Docket # 1, at 4), which this court treats as a single ground for relief. Moreover, although Mr. Clinkscale's defective indictment claim is not clearly set forth on the face of the motion, he argues such a claim in his supporting brief.

5. Because Mr. Clinkscale pled guilty prior to trial, the Jencks Act, 18 U.S.C. § 3500, is not implicated in this case. *Cf. U.S. v. Presser*, 844 F.2d 1275, 1283 (6th Cir.1988) (explaining that the "government may not be compelled to disclose Jencks Act material before trial.").

are greater in some situations than in others." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

■ Mr. Clinkscale contends that such discovery is necessary to establish whether a government witness, Agent Gary L. Gruver, presented perjured testimony to the grand jury. Mr. Clinkscale submits that he has a reasonable basis for suspecting Mr. Gruver of perjury because of the following testimony Mr. Gruver gave during a detention hearing:

Q: Now, you say you found during a search a considerable sum of money.

A: In excess of $327,000.

Q: Can you connect even a dollar of that money up to any drug transaction?

A: I don't know.

(Docket # 7, Attach. A). From that brief interchange, Mr. Clinkscale argues that "it is reasonable to infer" that Mr. Gruver gave perjured testimony to the grand jury. This inference is based on the following chain of reasoning:

● Mr. Gruver was "a primary investigating officer" in his case;

● After the indictment was handed down, Mr. Gruver was not sure whether he could connect the money to a specific drug transaction;

● Because the indictment alleges that the money laundering transactions were proceeds of drug trafficking, Mr. Gruver may well have lied to the grand jury.

Beginning with an isolated snippet of testimony by one officer involved in his case, Mr. Clinkscale spins a story which falls well short of meeting his burden for the grand jury disclosure he seeks. Riddled with unsupported assumptions, Mr. Clinks-

cale's purported basis for suspecting perjury on the part of Mr. Gruver which infected the grand jury proceedings is nothing more than pure speculation.[6] Mr. Clinkscale has failed to demonstrate the requisite good cause necessary for discovery in a 2255 proceeding let alone the much higher standard required to lift the "veil of secrecy" of grand jury proceedings. Accordingly, his motion for discovery is denied.

**B. Motions to Amend**

■ In both of his motions to amend, Mr. Clinkscale seeks the opportunity to raise the argument that he should receive credit for time served while on house arrest. The Attorney General, through the Bureau of Prisons, is vested with the authority of calculating any sentencing credits to which a federal defendant may be entitled. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir.1992). Because challenges to such determinations relate to the execution of a sentence, Mr. Clinkscale's claim that he should have received credit for time served while under house arrest is not cognizable in a 2255 motion. *Dorsey v. United States*, 53 F.3d 331, 1995 WL 264442, *2 (6th Cir. May 5, 1995). Any claim challenging sentencing credit determinations must be brought pursuant to 28 U.S.C. § 2241 in the district court having jurisdiction over the petitioner's custodian. *Alvey v. United States*, 899 F.2d 1221, 1990 WL 40080, *1 (6th Cir. Apr.9, 1990); *United States v. Little*, 392 F.3d 671, 679–80 (4th Cir.2004); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir.2000). Because a 2255 motion is not the proper vehicle for the claim Mr. Clinkscale now seeks to advance, his motion to amend will be denied.[7]

---

6. Mr. Clinkscale also makes similarly lacking allegations about Agent Statler.

7. If Mr. Clinkscale elects to file a 2241 petition challenging the execution of his sentence, he must file it in the district court with per-

### III. CLINKSCALE'S 2255 MOTION

#### A. Standard of Review

 Under 28 U.S.C. § 2255, a "prisoner in custody under sentence of a [federal] court ... claiming the right to be released ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In order to prevail upon a Section 2255 motion, the petitioner must allege as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States,* 334 F.3d 491, 496–97 (6th Cir.2003). In this case, Mr. Clinkscale's grounds for relief are predicated on alleged constitutional errors. To prevail on a 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

#### B. Waiver

 As an initial matter, the Government argues that Mr. Clinkscale, in his plea agreement, waived his right to collaterally attack his sentence with a 2255 motion. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir.2001). The Sixth Circuit has held that a defendant may generally waive, in his plea agreement, his 2255 right to collaterally attack his sentence so long as his waiver was informed and voluntary. *Watson,* 165 F.3d at 489. In *Davila v. United States,* the Sixth Circuit specifically addressed the

plea-waiver issue in the context of an ineffective assistance of counsel claim, holding that:

> When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

258 F.3d 448, 451 (6th Cir.2001). In light of *Watson* and *Davila,* it is quite clear that Mr. Clinkscale could waive his right to collaterally attack his sentence on any ground, including ineffective assistance of counsel, so long as such waiver was informed and voluntary. Therefore, this Court must determine whether Mr. Clinkscale, in his plea agreement, knowingly and voluntarily waived his right to collaterally attack his sentence.

In both *Watson* and *Davila,* the defendant's plea agreement specifically waived not only his right to appeal, but also his right to collaterally attack the sentence. *Watson,* 165 F.3d at 487 (plea agreement provided that defendant "further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255. Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case"); *Davila,* 258 F.3d at 452 (plea agreement provided that defendant "further agrees not to contest his sentence in any post conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255"). The existence of clear provision in the plea agreement waiving the defendant's rights to collaterally attack his sentence proved critical to the outcome in those cases.

The plea agreement waiver in this case, unlike those in *Watson* and *Davila,* con-

sonal jurisdiction over his custodian. *United States v. Garcia–Echaverria,* 374 F.3d 440,

449 (6th Cir.2004).

tained no specific reference to the waiver of rights to collaterally attack his sentence. As noted above, Mr. Clinkscale's waiver provision provided that, other than reserving his right to appeal the suppression decision, he waived "the right to appeal his conviction, and his sentence on any ground, including any appellate right conferred by 18 U.S.C. § 3742." Moreover, the possibility that Mr. Clinkscale's waiver might extend to collateral proceedings was not discussed at the change of plea hearing. During the change of plea hearing, the Court read the waiver provision and asked Mr. Clinkscale whether he understood it; there was no discussion of Mr. Clinkscale's collateral rights. Absent a specific collateral rights waiver provision, it cannot be said that Mr. Clinkscale knowingly waived his right to collaterally attack his sentence, even though the plea agreement contained a generic waiver of rights to appeal his conviction and sentence.

 However, the fact that Mr. Clinkscale did not specifically waive his collateral right to attack his sentence does not mean that he can simply avoid the waiver of his direct appeal rights and raise any issue in his 2255 motion. Certain claims, such as sentencing challenges, must be made on direct appeal or they are generally waived. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001). However, challenges that can not generally be reviewed for the first time in a 2255 motion "can be reviewed as part of a successful claim that counsel provided ineffective assistance." *Id.*

With that in mind, the Court proceeds to consider the merits of Mr. Clinkscale's 2255 motion.

## C. Merits Analysis

### 1. *Defective Indictment* (Ground One)

 In his first ground for relief, Mr. Clinkscale contends that his indictment was defective thereby depriving him of his due process rights.[8] Mr. Clinkscale contends that Counts 1 and 26–31 were defective for failing to include certain "essential elements" of the crimes charged and that Count 3 was defective for not including a citation to the applicable penalty provision.

The general rule is that the sufficiency of an indictment cannot be challenged in a Section 2255 motion if, under any reasonable construction of the indictment, a crime is charged and the accused is fairly apprised of the crime intended to be alleged. *Walker v. U.S.*, 439 F.2d 1114, 1115 (6th Cir.1971); *Eisner v. U.S.*, 351 F.2d 55, 57 (6th Cir.1965); *U.S. v. Boyd*, 259 F.Supp.2d 699, 708 (W.D.Tenn.2003). Mr. Clinkscale has failed to identify any defect in his indictment sufficient to meet the *Walker* standard. The crimes charged in counts 1, 3, and 26–31 are readily discernible and the indictment fairly apprised Mr. Clinkscale of the crimes charged. Mr. Clinkscale's understanding of the crimes charged is reinforced by his guilty plea and by his responses during his plea colloquy. Accordingly, Mr. Clinkscale's defective indictment claim is meritless.

### 2. *Ineffective Assistance of Counsel* (Ground Two)

In his second ground for relief, Mr. Clinkscale alleges that his counsel was constitutionally deficient in failing to effectively argue the motion to suppress and in failing to assert certain issues at sentencing.[9] After laying out the familiar

---

**8.** Mr. Clinkscale also suggests that the defective indictment deprived this Court of jurisdiction. However, defects in the indictment do not deprive courts of jurisdiction to adjudicate a case. *United States v. Cotton*, 535 U.S. 625, 629–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Stines*, 313 F.3d 912, 917 (6th Cir.2002).

**9.** Mr. Clinkscale also cursorily argues that his counsel was ineffective in failing "to get the defective indictment thrown out." This Court

*Strickland* standard for assessing ineffective assistance of counsel claims, the Court considers Mr. Clinkscale's specific allegations regarding his counsel's performance.

### a. Ineffective Assistance of Counsel Standard

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court formulated the standard for ineffective assistance of counsel, explaining that the:

> [B]enchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

466 U.S. at 686–687, 104 S.Ct. 2052. A violation of the right to effective assistance of counsel has two components: deficient performance and resulting prejudice to the defendant. *Id.* at 687–88, 104 S.Ct. 2052; *Wiggins v. Smith,* 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). It is generally appropriate to assess counsel's overall performance when determining whether counsel provided effective assistance. *Kimmelman v. Morrison,* 477 U.S. 365, 386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

To demonstrate that counsel's performance was deficient, the defendant must show that "counsel's representation fell below an objective standard of reasonableness ... [under] prevailing professional norms." *Strickland,* 466 U.S. at 687–688, 104 S.Ct. 2052. In assessing the counsel's performance, courts must consider the specific acts or omissions of counsel and determine whether they were "outside the wide range of professionally competent assistance." *Id.* at 689–90, 104 S.Ct. 2052. The Supreme Court cautioned, however, that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "a defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 688–89, 104 S.Ct. 2052. "[S]trategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690, 104 S.Ct. 2052.

In order to establish prejudice from counsel's deficient performance, the defendant must establish that the errors committed "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052. To establish "prejudice" under *Strickland,* the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In other words:

> When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

*Id.* at 695, 104 S.Ct. 2052. In the sentencing context, a defendant must show a reasonable probability that, but for counsel's errors, his sentence would have been different. *Weinberger,* 268 F.3d at 352.

Unless a defendant demonstrates both deficient performance and prejudice, "it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Federal courts may address either the performance or prejudice element if one is dispositive. *Id.* at 697, 104 S.Ct. 2052.

has already rejected Mr. Clinkscale's challenges to the indictment and so his ineffective assistance of counsel claim based on the alleged defects is likewise unavailing.

## c. Failure to Effectively Argue Motion to Suppress

██ Mr. Clinkscale argues that he would have prevailed on his motion to suppress had his counsel been more effective, that his counsel failed to point out the seizure of items which fell outside the scope of the warrant, and that his counsel failed to challenge perjured statements made by the government as to seizure of vehicles. Although couched as an ineffective assistance of counsel claim, Mr. Clinkscale is really attempting to reargue his motion which was already denied by this Court and upheld on appeal. He cannot now relitigate this issue, *Wright v. U.S.*, 182 F.3d 458, 467 (6th Cir.1999), and has presented nothing to suggest that his counsel's handling of the suppression motion and related matters was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 689–90, 104 S.Ct. 2052.

## d. Inadequate Representation at Sentencing

██ Mr. Clinkscale contends that his counsel was ineffective in not challenging his base offense level of 30 and not arguing for a 3–level reduction for acceptance of responsibility rather than a 2–level reduction. Such an argument is unavailing as it implicates strategic choices made by him and his counsel which are virtually unchallengeable. Mr. Clinkscale stipulated to the base offense level of 30 and to the 2–level reduction for acceptance of responsi-

bility in a knowingly, intelligently, and voluntarily entered plea agreement. Mr. Clinkscale cannot avoid the implications of his plea agreement by baldly asserting that his counsel was somehow deficient in not negotiating for a lower adjusted offense level.[10]

Mr. Clinkscale next argues that his counsel was constitutionally ineffective in failing to argue that his 1988 Florida conviction for the sale of cocaine should not have been counted as two criminal history points. Although the presentence report did not indicate whether Mr. Clinkscale was represented by counsel in the 1988 case, Mr. Clinkscale's counsel nonetheless acted appropriately and competently by not advancing the argument now urged by Mr. Clinkscale. Because Mr. Clinkscale was in fact represented by S. Good, Assistant Public Defender, in the 1988 case and because his counsel had documentary evidence of that fact,[11] his counsel cannot be faulted for electing not to advance such a baseless argument.

## e. Summary

Mr. Clinkscale is not entitled to relief based on his ineffective assistance of counsel claim. Several of his ineffective assistance arguments are merely thinly veiled attempts to inappropriately reargue his unsuccessful suppression motion. Moreover, having failed to present even a colorable argument regarding the deficiency of his counsel, he cannot prevail on his ineffective assistance of counsel claim.[12]

---

**10.** Although Mr. Clinkscale now argues there is insufficient evidence to support his responsibility for the amount of drugs underpinning his base offense level, Mr. Clinkscale, in his plea agreement, clearly admitted and accepted "responsibility for a conspiracy involving 3.5 to 5 kilograms of cocaine." (Plea Ag. at ¶ 7).

**11.** Documents establishing Mr. Clinkscale's representation in the 1988 case (now attached to Docket # 8 as Ex. A) were provided to his

counsel to establish Mr. Clinkscale's prior felony conviction for purposes of the felon-in-possession charge in Count 3 of the indictment.

**12.** Although Mr. Clinkscale seeks an evidentiary hearing, such a hearing is unnecessary because the record conclusively establishes that he is not entitled to relief. *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## IV. CONCLUSION

For the reasons set forth above, petitioner Jantz Clinkscale's motion for discovery of grand jury minutes (Docket # 7), his motions to amend his Section 2255 motion (Docket # 11 and # 13), and his underlying Section 2255 motion to vacate, set aide, or correct his sentence (Docket # 1) are denied.

IT IS SO ORDERED.